IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY W. JOHNSON, III<br><br>　Plaintiff,<br><br>v.<br><br>NORTH GEORGIA LANDSCAPE MANAGEMENT, LLC<br><br>　Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Larry W. Johnson, III ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant North Georgia Landscape Management, LLC ("Defendant"), showing the Honorable Court the following:

### I. INTRODUCTION

Defendant employed the Plaintiff as a crew member at its Gwinnett County, Georgia landscaping business. Plaintiff performed his duties according to the schedule instructions provided by the Defendant. Plaintiff's working hours for the Defendant often exceeded forty hours in a single workweek. Defendant compensated the Plaintiff at his hourly rate or all hours that the Plaintiff worked

for the Defendant without regard to whether those hours exceeded 40 hours in a single workweek. Defendant's failure to pay the Plaintiff at a rate of at least one-and one-half times his hourly rate for hours that the Plaintiff worked for the Defendant that exceeded 40 hours in a single workweek violated 29 U.S.C. § 207(a)(1). The Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

## II.      JURISDICTION AND VENUE

1.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and expenses, and court costs arising due to the Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. ("FLSA").

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant is a Georgia domestic limited liability corporation.

4.

Defendant's principal place of business within the Northern District of Georgia.

5.

Defendant maintains a landscaping business that engages in commerce in the State of Georgia.

6.

The events and omissions that gave rise to the Plaintiff's claims occurred within the Northern District of Georgia. Venue in this district is proper.

### III.  PARTIES

7.

Defendant may be served with process through its Registered Agent, Jeremy Jon Talboy, 5075 Puritan Drive, Sugar Hill, Georgia, 30518.

8.

Plaintiff is a resident of the State of Georgia.

9.

Defendant suffered or permitted the Plaintiff to work.

10.

Defendant acted directly or indirectly in the interest of an employer in relation to the Plaintiff.

11.

Defendant has annual gross sales of not less than $500,000.00.

12.

Defendant is subject to the provisions of 29 U.S.C. § 204 and 29 U.S.C. § 207.

13.

Plaintiff was the Defendant's "employee" as that term has been defined by 29 U.S.C. § 203(e)(1).

14.

Defendant was the Plaintiff's "employer" as that term has been defined by 29 U.S.C. § 203(d).

## IV.   FACTS

15.

Defendant hired the Plaintiff in or around November 2019.

16.

Defendant terminated the Plaintiff's employment in or around September 2020.

17.

Plaintiff worked for the Defendant as a crew member.

18.

While employed by the Defendant, the Plaintiff performed non-exempt labor for the Defendant in his position as a landscaping crew member.

19.

Plaintiff's performed duties incident to landscaping including trimming bushes, cutting grass, clearing debris, and other such customary duties incident to the position.

20.

Defendant compensated the Plaintiff on an hourly basis.

21.

Defendant initially compensated the Plaintiff at a rate of $13.00 per hour.

22.

During the Plaintiff's employment, the Defendant increased the Plaintiff's hourly rate to $14.00 per hour.

23.

On many occasions during the Plaintiff's employment with the Defendant, Plaintiff worked for the Defendant for over 40 hours in a single work week while employed by the Defendant.

24.

Plaintiff worked an average of 45-80 hours for the Defendant each week.

25.

Defendant failed to compensate the Plaintiff at one and one-half times his hourly rate for hours that the Plaintiff worked for the Defendant over 40 in a single work week.

26.

Defendant paid the Plaintiff his regular hourly rate for all hours that the Plaintiff worked for the Defendant.

27.

Defendant was required to pay the Plaintiff his hourly rate plus one half of his hourly rate for each hour that the Plaintiff worked in excess of 40 hours in a single workweek.

28.

Defendant violated the FLSA by paying the Plaintiff at his regular hourly rate instead one and one-half times his hourly rate for hours that the Plaintiff worked in excess of 40 hours in a single work week.

29.

During the week of April 3, 2020, the Plaintiff worked 50.25 hours for the Defendant.

30.

Defendant paid the Plaintiff at a rate of $13.00 per hour for all of the hours that the Plaintiff worked during the week of April 3, 2020.

31.

Defendant paid the Plaintiff $653.25 for the work that the Plaintiff performed for the Defendant during the week of April 3, 2020.

32.

During the week of April 10, 2020, the Plaintiff worked 45.50 hours for the Defendant.

33.

Defendant paid the Plaintiff at a rate of $14.00 per hour for all of the hours that the Plaintiff worked during the week of April 10, 2020.

34.

Defendant paid the Plaintiff $637.00 for the work that the Plaintiff performed for the Defendant during the week of April 10, 2020.

35.

During the week of May 1, 2020, the Plaintiff worked 46.75 hours.

36.

Defendant paid the Plaintiff at a rate of $14.00 per hour for the hours that the Plaintiff worked during the week of May 1, 2020.

37.

Defendant paid the Plaintiff $654.50 for the work that the Plaintiff performed for the Defendant during the week of May 1, 2020.

38.

During the week of May 8, 2020, the Plaintiff worked for the Defendant for 44.75 hours.

39.

Defendant paid the Plaintiff at a rate of $14.00 per hour for the hours that the Plaintiff worked during the week of May 8, 2020.

40.

Defendant paid the Plaintiff $626.50 for the work that the Plaintiff performed for the Defendant during the week of May 8, 2020.

41.

During the week of May 15, 2020, the Plaintiff worked for the Defendant for 42.50 hours.

42.

Defendant paid the Plaintiff at a rate of $14.00 per hour for the hours that the Plaintiff worked during the week of May 15, 2020.

43.

Defendant paid the Plaintiff $595.00 for the work that the Plaintiff performed for the Defendant during the week of May 15, 2020.

44.

During the week of May 29, 2020, the Plaintiff worked for the Defendant for 47.02 hours.

45.

Defendant paid the Plaintiff at a rate of $14.00 per hour for the hours that the Plaintiff worked during the week of May 29, 2020.

46.

Defendant paid the Plaintiff $658.28 for the work that the Plaintiff performed for the Defendant during the week of May 29, 2020.

47.

The Plaintiff worked overtime hours for the Defendant for which he was not compensated at the FLSA overtime rate. *See* Plaintiff's Exhibit A.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF FAIR LABOR STANDARDS ACT

48.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if each were set forth herein.

49.

Defendant violated the FLSA, 29 U.S.C. § 201 *et seq.* including but not limited to 29 U.S.C. § 207, by not paying the Plaintiff one and one-half times is hourly rate for hours worked over 40 in a workweek.

50.

Pursuant to 29 U.S.C. § 207, Defendant was required to pay the Plaintiff one and one-half times the Plaintiff's regular rate of pay for all hours worked more than 40 hours in a workweek.

51.

Defendant suffered and permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation as indicated by Plaintiff's Exhibit A.

52.

Defendant's actions, policies, and practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate the Plaintiff at the FLSA overtime rate.

53.

Defendant knew or should have known that it was required to compensate the Plaintiff at one and one-half his hourly rate for hours that the Plaintiff worked for the Plaintiff over 40 hours in a workweek.

54.

Defendant recklessly disregarded the FLSA overtime requirement.

55.

Defendant's violations of the FLSA were willful and in bad faith.

56.

Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid

overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact.

(B)  Enter judgment against Defendant and award Plaintiff unpaid overtime compensation.

(C)  Enter judgment against Defendant and award the Plaintiff liquidated damages in an amount equal to the Court's award of unpaid overtime compensation to the Plaintiff.

(D)  Enter judgement against the Defendant and award the Plaintiff pre-judgment interest on unpaid wages and overtime compensation.

(E)  Enter judgement against the Defendant and award the Plaintiff court costs and expenses.

(F)  Order the Defendant to pay the Plaintiff's reasonable attorney's fees and expenses of litigation;

(G)  Grant declaratory judgment declaring that the rights of Plaintiff have been violated and that Defendant willfully violated the FLSA;

(H)  All other relief to which he may be entitled.

Respectfully submitted this 20th day of January 2020.

                                   **MORGAN & MORGAN, P.A.**

                                   ***/s/ Anthony Bullock***
                                   Anthony Bullock, J.D.
                                   GA Bar No.: 157904
                                   *Attorney for Plaintiff*

191 Peachtree St. NE, Suite 4200
P.O. Box 57007
Atlanta, Georgia 3034
Phone: (404) 496-7265
Fax:     (404) 720-3839
abullock@forthepeople.com